ÁNGEL CONCEPCIÓN AMORÓ, demandante y apelado, *v.* JUNTA DE CONTABILIDAD DE PUERTO RICO, demandada y apelante.

Número 12237.

*Sometido:* 12 de julio de 1957. *Resuelto:* 27 de febrero de 1958.

*Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario Auxiliar y Jorge Ruiz Rivera, Procurador Auxiliar,* abogados de la apelante; *R. Hernández Matos,* abogado del apelado.

El Juez Asociado Señor Saldaña emitió la opinión del Tribunal.

Se trata de lo siguiente: ¿cabe una apelación contra la sentencia que, en un procedimiento de revisión al amparo de la sec. 11 (*j*) de la Ley de Contabilidad de 1945, dictó el Tribunal Superior, Sala de Ponce, ordenándole a la Junta de Contabilidad que expidiera una licencia de contador público autorizado a Ángel Concepción Amoró? Consideramos que, a tenor del art. 295 del Código de Enjuiciamiento Civil.

(32 L.P.R.A. sec. 1281) y de la sec. 14 de la Ley de la Judicatura de 1952 (4 L.P.R.A. sec. 37), dicha sentencia es inapelable y sólo podría ser revisada mediante *certiorari* a discreción de este Tribunal. Así pues, por falta de jurisdicción, procede desestimar el presente recurso de apelación. Naturalmente esto no afecta el derecho que la Junta de Contabilidad tiene de presentar ante nos una petición de *certiorari* debidamente fundamentada. (¹)

Son hechos probados sobre los cuales no existe discrepancia entre las partes: 1º Que Ángel Concepción Amoró presentó una solicitud ante la Junta de Contabilidad para que ésta le expidiera sin examen previo una licencia de contador público autorizado, invocando para ello las disposiciones de la Ley núm. 42 de 1927, de la Resolución Conjunta núm. 38 de 1934 y de la Ley núm. 293 de 1945; 2º Que la Junta de Contabilidad, luego del correspondiente trámite administrativo, denegó finalmente dicha solicitud el 2 de febrero de 1956; 3º Que el 1º de marzo de 1956 Ángel Concepción Amoró presentó un recurso ante el Tribunal Superior, Sala de Ponce, solicitando la revisión de dicha orden administrativa de conformidad con lo prescrito en la sec. 11 (*j*) de la Ley de Contabilidad de 1945 (20 L.P.R.A. sec. 782) ; 4º Que el Tribunal Superior, como indicamos anteriormente, dictó sentencia en el referido procedimiento de revisión revocando la decisión de la Junta y ordenándole que expidiera ". . . a favor del demandante Ángel Concepción Amoró, sin previo examen . . . el título, certificado o licencia de contador público autorizado, y a registrarlo como tal . . . para que él pueda ejercer y practicar libremente en Puerto Rico su profesión de Contador Público Autorizado con sujeción a las leyes y reglamentos sobre la materia"; 5º Que la Junta de Contabilidad interpuso ante este Tribunal un recurso de

---

(¹) No podríamos considerar ahora el caso como si se tratase de una petición de *certiorari*. En efecto, el apelante todavía no ha presentado el alegato que exige nuestro Reglamento (4 L.P.R.A. Ap. I, R. 10). No sabemos qué errores imputa al tribunal inferior ni qué fundamentos tendría para solicitar la revisión mediante *certiorari*.

apelación contra ese fallo; 6º Que la parte apelada solicitó la desestimación del recurso con fecha 25 de junio de 1957, alegando que carecemos de jurisdicción porque la sentencia del tribunal *a quo* es inapelable.

Al conceder facultad al Tribunal Superior para revisar órdenes de la Junta de Contabilidad, la Asamblea Legislativa estableció específicamente el trámite a seguir para obtener dicha revisión. La sec. 11 (*j*) de la Ley de Contabilidad de 1945 dispone lo siguiente: "Cualquier persona a quien afecte adversamente alguna orden de la Junta podrá obtener la revisión de la misma radicando por escrito una solicitud de revisión en la sala correspondiente del Tribunal Superior dentro de los 30 días de dictada dicha orden. La solicitud deberá expresar los fundamentos por los cuales se pide la revisión y solicitar que se modifique o sobresea, en todo o en parte, la orden de la Junta. Copia de dicha solicitud deberá entregarse inmediatamente a cualquier miembro de la Junta, luego de lo cual la Junta certificará y radicará en la Corte una transcripción del récord sobre el cual se basó la orden apelada. El caso entonces se verá *de novo* a base del récord, pero las partes podrán radicar alegatos, como en cualquier caso ordinario en derecho. La Corte podrá confirmar, enmendar o sobreseer, en todo o en parte, la orden de la Junta, o devolver el caso a la Junta, para el examen de nueva evidencia, y podrá, a su discreción, suspender los efectos de la orden de la Junta hasta la determinación del caso. La decisión de la Corte tendrá la fuerza y el efecto de un decreto en equidad." 20 L.P.R.A. sec. 782 (*j*).

En *Debién* v. *Junta de Contabilidad*, 76 D.P.R. 96 (1954), se planteó la cuestión de si el recurso de revisión provisto en la sec. 11 (*j*) antes transcrita es aplicable a una orden denegatoria de una licencia de contador público autorizado. Declaramos que sí, señalando que: "Aunque la mayor parte de la sección 11 transcrita se refiere a procedimientos de querellas y revocaciones de licencias, sin embargo, el inciso (*j*)

concede el poder de revisión por la Corte a cualquier per- sona afectada adversamente por 'alguna orden de la Junta'. El inciso (*j*) es de carácter general y, aunque está colocado en la sección 11 que se refiere, en su mayor parte, a ciertos procedimientos específicos, tal inciso debe ser considerado como aplicable a órdenes denegatorias de licencias. El peticionario en este caso presentó un recurso de mandamus, pero ese recurso debe ser considerado como uno de revisión judicial, y, por lo tanto, inatacable, considerando especialmente el hecho de que la petición de mandamus fué presentada en el tribunal de San Juan dentro de los treinta días señalados por el inciso (*j*) como término para solicitar la revisión de una orden de la Junta." (Pag. 102.) En otras palabras, ya que el estatuto provee un procedimiento obviamente adecuado para la revisión de una orden de la Junta de Contabilidad denegando una licencia de contador público autorizado, hay que atenerse a él para recurrir a los tribunales. La existencia de este recurso específico de revisión "*a base del récord*" (de los procedimientos habidos ante la Junta), excluye la posibilidad de presentar una petición de mandamus o de solicitar otro de los remedios extraordinarios que se inician ante el Tribunal Superior. Véanse *Roche* v. *Evaporated Milk Assn.*, 319 U. S. 21, 27–28; Davis, *Administrative Law* (1951) 761–764, 768–773, 794–796 y los casos allí citados.(²)

▆▆▆▆ Sin duda, la ley concede al Tribunal Superior facultad para ". . . confirmar, *enmendar o sobreseer, en*

---

(²) Además, véanse: Gellhorn y Byse, *Administrative Law* (1954) 324–325, 379–398; Jaffe, *Administrative Law* (1953) 492–494, 499–503; Cooper, *Administrative Agencies and the Courts* (1951) 331–339; For- kosch, *Administrative Law* (1956) 640–641, 646–647. Como señala el pro- fesor Jaffe, *op. cit.* supra, el recurso de revisión puede resultar en ciertos casos inadecuado: por ejemplo, si el organismo administrativo se niega a celebrar una vista o si después de celebrarla se niega a resolver el caso. Y en esas circunstancias podría acudirse al Tribunal Superior mediante mandamus. Por otro lado, como resolvimos en el caso de *Debién*, un recurso de mandamus presentado dentro del término fijado por ley, debe considerarse como una solicitud de revisión al amparo de la sec. 11 (*j*) antes mencionada.

*todo o en parte, la orden de la Junta,* o devolver el caso a la Junta, para el examen de nueva evidencia, y podrá, a su discreción, suspender los efectos de la orden . . . hasta la determinación del caso". (Bastardillas nuestras.) Pero la función judicial siempre queda limitada a resolver, a base del récord de los procedimientos habidos ante la Junta, si se ha cometido algún error de derecho y si las determinaciones de hecho que sirven de base a la orden administrativa están sostenidas por evidencia sustancial. Véase Carrow, *Types of Judicial Relief from Administrative Action,* 58 Col. L. Rev. 1 (1958). La Junta de Contabilidad viene obligada a celebrar una vista que cumpla con todos los requisitos del debido procedimiento de ley, y a formar un récord completo de la prueba documental y de la evidencia oral presentada. Además, el Tribunal Superior no puede recibir nueva evidencia en la vista del recurso de revisión, excepto en cuanto a la comisión de alguna irregularidad en el trámite administrativo. Cf. *Ledesma, Admor.* v. *Tribunal de Distrito,* 73 D.P.R. 396, 399–402 (1952); *Rivera* v. *Benítez, Rector,* 73 D.P.R. 377, 381–383 (1952); *Hilton Hotels* v. *Junta de Salario Mínimo,* 74 D.P.R. 670, 685–687 (1953); y *Corrada* v. *Asamblea Municipal,* 79 D.P.R. 365, 369 (1956). Es obvio, por tanto, que no se trata de un procedimiento judicial en el cual se celebra un juicio *de novo.* Toda la evidencia documental y testifical que sea pertinente debe presentarse en la audiencia administrativa ante la Junta de Contabilidad. Esta tiene que dictar la decisión u orden que considere razonable, actuando en el nivel administrativo. Luego, el tribunal *revisa* dicha actuación con sujeción a las normas que ya hemos apuntado. En verdad, aunque en modo más restringido, dicha revisión es análoga a la que ejerce el Tribunal Superior en grado de apelación o mediante *certiorari* cuando se trata de una sentencia dictada por el Tribunal de Distrito. Véase Stern, *Review of Findings of Administrators, Judges and Juries: A Comparative Analysis,* 58 Harv. L. Rev. 70, 74–89, 93–120 (1944); Jaffe,

*Judicial Review: Question of Law*, 69 Harv. L. Rev. 239 (1955) y *Judicial Review: Question of Fact*, 69 Harv. L. Rev. 1020 (1955); Brown, *Fact and Law in Judicial Review*, 56 Harv. L. Rev. 899 (1943).

 Ahora bien, con arreglo a la jurisprudencia reiterada de este Tribunal, ". . . la apelación es un remedio que sólo existe cuando es concedido por estatuto o por algún precepto constitucional". *Quilinchini* v. *Comisión de Servicio Público*, 63 D.P.R. 681, 682 (1944). En la Ley de Contabilidad de 1945 (20 L.P.R.A. sec. 771 y sigtes.) no hay disposición específica alguna que permita apelar de la sentencia que recaiga en el procedimiento de revisión estatuído en la sec. 11. Pero tampoco se dispone en la misma que dicha sentencia será final e inapelable. De ahí que sea preciso examinar lo dispuesto en el art. 295 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 1281). Como es bien sabido, allí se especifica en forma general cuáles son las resoluciones o sentencias del Tribunal Superior contra las cuales puede establecerse recurso de apelación ante el Tribunal Supremo. El único inciso del art. 295 citado que podría aplicarse al caso de autos dispone que podrá apelarse: "De una sentencia definitiva pronunciada en un pleito o procedimiento especial, *comenzado en la corte que la hubiere dictado*, dentro de un mes después de haberse registrado la sentencia". (Bastardillas nuestras.)

Resulta evidente que la sentencia apelada no se dictó en un pleito incoado originalmente ante el Tribunal Superior, y sí en un procedimiento que tuvo su origen ante la Junta de Contabilidad. Y es imposible sostener, como pretende la parte apelante, que " . . . a los efectos apelativos . . . (debe considerarse este caso) como comenzado en el Tribunal Superior." Esta cuestión fué resuelta ya por este Tribunal en forma adversa al apelante en *Pérez Marchand* v. *Garrido*, 49 D.P.R. 926, 929–931 (1936).

Pero hay más. Independientemente del art. 295 citado, la Ley Orgánica de la Judicatura de 1950 (Leyes de 1950, pág. 1127) dispuso en su art. 35 que: "Las sentencias, resoluciones y providencias dictadas por el Tribunal de Distrito de Puerto Rico en acciones y recursos de primera instancia podrán apelarse para ante el Tribunal Supremo de Puerto Rico dentro de los términos y condiciones establecidos por ley. Las sentencias, resoluciones y providencias dictadas por el Tribunal de Distrito (hoy Tribunal Superior) de Puerto Rico *en recursos de apelación o revisión no podrán apelarse para ante el Tribunal Supremo de Puerto Rico,* pero las mismas podrán ser revisables mediante certiorari a discreción del Tribunal Supremo de Puerto Rico". (Bastardillas nuestras.) Esta prohibición específica se mantuvo en vigor al aprobarse la sec. 14 de la Ley de la Judicatura de 1952 (4 L.P.R.A. sec. 37), como declaramos en *Borinquen Furniture, Inc.* v. *Tribunal de Distrito,* 78 D.P.R. 901 (1956). La referida sec. 14 establece que:

· "Las sentencias finales y resoluciones del Tribunal Superior *que hasta el presente podían ser apeladas del Tribunal de Distrito, podrán ser apeladas al Tribunal Supremo* de acuerdo con los términos y condiciones establecidos por ley y de conformidad con las reglas de procedimiento establecidas por el Tribunal Supremo, excepción hecha de que el derecho a apelar y el alcance de una apelación interpuesta en casos instados bajo la sec. 121(*a*) 2, 3 y 4 de este título, serán los mismos que hasta el presente lo han sido y que ahora lo son en los casos instados bajo la sec. 121(*a*) 5. Cualquier sentencia o resolución del Tribunal Superior puede ser revisada por certiorari a discreción del Tribunal Supremo." (Bastardillas nuestras.)

Uno de los principios básicos de la Ley de la Judicatura de 1952 fué poner fin a la práctica de apelaciones múltiples, tanto en los casos procedentes del Tribunal de Distrito como en los casos que originalmente se ventilan ante organismos administrativos. Véase Clark y Rogers, *The New Judiciary*

*Act of Puerto Rico: A Definite Court Reorganization*, 61 Yale L. J. 1147 (1952). Cf. Pound, *Appellate Procedure in Civil Cases* (1941) 326–327, 392. Por eso, si al nivel administrativo se celebra una audiencia adecuada y se forma un récord completo de todos los procedimientos habidos, sólo cabe una revisión (ante el Tribunal Superior) de la decisión u orden administrativa que haya recaído, en ausencia de una disposición específica de ley en contrario. Por lo general, basta un "juicio" y una "apelación" en los pleitos. Poco importa a ese respecto que la revisión judicial—es decir, el equivalente de una apelación cuando el juicio se ventila al nivel administrativo—se lleve a cabo por un procedimiento de mandamus sin juicio *de novo* (cf. *Rivera* v. *Benítez, Rector*, 73 D.P.R. 377) o mediante un procedimiento especial provisto en el estatuto (cf. *Ledesma, Admor.* v. *Tribunal de Distrito*, 73 D.P.R. 396). En ambos casos la función judicial es la misma: revisar el récord de los procedimientos administrativos para considerar únicamente cuestiones de derecho y determinar si las conclusiones de hecho que sirven de base a la actuación administrativa están sostenidas por evidencia sustancial. Sólo procede una ulterior revisión mediante certiorari ante este Tribunal Supremo en las circunstancias que indicamos en el caso de *Borinquen Furniture*, supra, 904.([3])

*Por lo expuesto, debe declararse con lugar la moción de desestimación del presente recurso de apelación.*

El Juez Asociado Sr. Hernández Matos no intervino.

---

([3]) Es preciso señalar que en *Debién* v. *Junta de Contabilidad*, supra, y en otros casos resueltos por sentencia en el 1956, resolvimos recursos de apelación interpuestos contra sentencias que dictó el Tribunal Superior al revisar órdenes de la Junta de Contabilidad denegatorias de licencias de contador público autorizado. Pero allí ni se planteó ni se resolvió expresamente la cuestión de si procedía o no la apelación.