HOMER W. THOMPSON, JR., peticionario y recurrido, *v.* JUNTA DE CONTABILIDAD, demandada y recurrente.

*Número:* CE-66-17 *Resuelto:* 12 de febrero de 1969

*Luis E. García Benítez* y *María Genoveva R. de Carrera,* abogados de la Junta de Contabilidad; *González, Jr., González-Oliver & Novak,* abogados de Homer W. Thompson, Jr.

Sala Segunda, integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

En 23 de octubre de 1958 el peticionario-recurrido Sr.. Homer W. Thompson, Jr., solicitó de la Junta de Contabilidad de Puerto Rico le admitiera a practicar su profesión de contador público autorizado, sin necesidad de tomar examen, a base de las disposiciones de reciprocidad de la Ley de Contabilidad Pública de 1945—Ley Núm. 293 de 15 de mayo de 1945—20 L.P.R.A. secs. 771 y ss. ed. 1961. El peticionario-recurrido poseía un certificado de contador público autorizado expedido por la Junta de Contabilidad de Tejas en el año 1952.

En 14 de noviembre de 1958 la Junta notificó al peticionario que a los fines de poder considerar su solicitud estaba sometiendo un cuestionario a la Junta de Contabilidad de Tejas, y de ser favorable la contestación a dicho cuestionario, la Junta procedería a expedirle el certificado solicitado.

Después de varias comunicaciones entre las dichas Juntas de Contabilidad de Puerto Rico y de Tejas, en 2 de julio de 1959 la de Tejas informó a nuestra Junta que ella expediría certificado de contador público autorizado, por reciprocidad, a aquellas personas que poseyeran certificados de contador público autorizado expedidos por la Junta de Puerto Rico, siempre y cuando que los poseedores de dichos certificados puertorriqueños hubieran aprobado el examen C.P.A. uniforme preparado por el American Institute of Certified Public Accountants, y también que sus papeles de examen hubieren sido calificados por dicho American Institute of Certified Public Accountants, si los poseedores de certificados puertorriqueños llenaren además los requisitos de la Ley de Contabilidad Pública de Tejas de 1945.

Después de un estudio de la situación y de celebrada una vista ante la Junta en 9 de junio de 1960, a la que concurrió el peticionario representado por abogado, y fue oído, en 29

de julio de 1960 la Junta denegó la solicitud del Sr. Thompson con la siguiente expresión:

"Celebrada la vista en el caso del Señor Thompson y después de un estudio minucioso de la transcripción, así como el memorandum sometido por el peticionario a través de su abogado y apareciendo que la Junta de Contabilidad del Estado de Tejas usando su discreción exige requisitos especiales para aceptar el intercambio de títulos por reciprocidad, esta Junta en el ejercicio de la discreción conferida por ley, por la presente deniega la solicitud de certificado por reciprocidad solicitada por el peticionario."

El peticionario acudió a la Sala de San Juan del Tribunal Superior y pidió la revocación de la decisión de la Junta y que se le ordenara expedirle certificado de Contador Público Autorizado sin examen—Sec. 11 (j) Ley Núm. 293 de 1945. En 3 de abril de 1962 la Sala de San Juan falló de la siguiente manera:

"Se ordena que este caso regrese al nivel administrativo a la Junta de Contabilidad para que, oyendo nuevamente al peticionario, resuelva específicamente si hay o no razonablemente equivalencia entre los requisitos que exige *la ley y la Junta de Contabilidad* en el estado de Tejas con los que exige *la ley y la Junta de Contabilidad* en Puerto Rico."

En cumplimiento de lo dispuesto por el Tribunal, la Junta celebró una vista ante ella el 8 de mayo de 1963 con comparecencia del peticionario y sus abogados. Según el récord de esta vista gran parte de la misma la dedicó el peticionario a tratar de impugnar criterios y actuaciones de la propia Junta o de miembros anteriores que habían pertenecido a la misma. En lo que respecta al criterio de equivalencia, produjo el testimonio del peticionario y prueba documental dirigida más bien a comparar las exigencias y requisitos de estudios para el bachillerato en administración comercial concentrado en contabilidad de la Universidad de Tejas, en donde se gra-

duó el peticionario, y de la de Puerto Rico, para el año en que el peticionario obtuvo su bachillerato.

En 3 de febrero de 1964 la Junta dictó Resolución a la luz de un análisis que hizo de la prueba practicada y denegó la solicitud del peticionario para que se le permitiera ejercer como contador público autorizado, sin examen. En su fallo la Junta hizo las siguientes conclusiones:

"La prueba oral y documental ofrecida durante este incidente de si hay o no hay razonable equivalencia entre los requisitos exigidos por Tejas y Puerto Rico revela lo siguiente:

(a) Que en la consideración de la solicitud de licencia sin examen radicada por el Sr. Homer W. Thompson la Junta de Contabilidad consideró las exigencias legales y académicas de los estatutos de Tejas y Puerto Rico;

(b) Que del estudio realizado por la Junta de Contabilidad de Puerto Rico ésta llegó a la razonada conclusión que los requisitos exigidos por la Junta de Tejas eran inferiores a los exigidos por la Junta de Puerto Rico a la fecha en que el peticionario obtuvo su certificado ya que para el otorgamiento de la licencia en Puerto Rico se exige que la persona sea graduado de un colegio o universidad reconocida por la Junta (reconocimiento que nunca se le ha dado a la Universidad de Tejas), y haya terminado 58 horas créditos en las materias de contabilidad, finanza, ley comercial y economía, mientras que en el Estado de Tejas solo se exigen para la misma fecha un total de 30 créditos en dichas materias.

(c) Que en cuanto al aspecto de reciprocidad el mismo es descartado por la Junta de Contabilidad de Tejas cuando en su carta del 2 de julio de 1959 dirigida a la Junta de Puerto Rico, dice en su parte pertinente:

'. . . the Texas State Board of Public Accountancy will issue certificates of certified public accountants through reciprocity to such holders of certificate of certified public accountants issued by the Puerto Rico Board of Accountancy under its present law and regulations, provided such certificate holders passed the uniform CPA examination prepared by the American Institute of Certified Public Accountants and also had their papers graded by the American Institute of Certified Public Accountants, . . .'

lo que no deja lugar a dudas que se cualifica el tiempo de la posible reciprocidad y además se exige que sea el examen del American Institute y corregido por dicho American Institute.

(d) Que a pesar que el representante legal del peticionario sostiene que toda vez que la Junta de Contabilidad de Puerto Rico está ahora ofreciendo como su único examen el examen que ofrece el American Institute of Certified Public Accountants, que las exigencias y requisitos de obligar al Sr. Thompson a tomar examen resultarían académicas, la realidad es que la Junta de Contabilidad de Puerto Rico no está obligada a adoptar ni ha adoptado oficialmente el examen que ofrece el American Institute of Certified Public Accountants. Sólo está en un periodo de experimentación para resolver en definitiva cuál ha de ser el examen a ofrecerse a los examinados. De hecho la Junta tampoco acepta como final la evaluación hecha por el American Institute y en muchos casos corrige de nuevo los exámenes para adaptar la evaluación a la realidad legal y contributiva de Puerto Rico."

El peticionario recurrió de nuevo ante la Sala de San Juan en el mismo expediente judicial anterior y pidió la revocación de este dictamen de la Junta, y que se le ordenara expedirle la licencia como contador público autorizado, sin examen.

La Sala de San Juan, en sentencia de 7 de febrero de 1966, sin expresar conclusiones en cuanto a la existencia o no de razonable equivalencia entre los requisitos de Tejas y de Puerto Rico y de sus Juntas (fallo de 3 de abril de 1962), pero bajo su interpretación del estatuto, revocó a la Junta y le ordenó que expidiera la licencia solicitada.

La Sala entendió que la posición de la Junta surgía "de un equívoco", por interpretar la Junta la ley en el sentido de que la autorizaba implícitamente "para entrar en conversaciones con otras Juntas de otros estados conducentes a estructurar y aprobar 'tratados de reciprocidad'." Ésta fue más bien una caracterización que de los hechos y de las actuaciones de la Junta han hecho los abogados del peticionario a través del expediente, y que no pasa de ser sino una conclusión de ellos.

Veamos el derecho aplicable. La disposición de ley en torno a la cual gira toda la cuestión litigiosa es el siguiente párrafo de la Sec. 3 de la Ley Núm. 293 de 1945, según dicho párrafo fue enmendado por la Ley Núm. 81 de 20 de junio de 1957:

"La Junta podrá, a su discreción, eximir de examen y expedirle certificado de contador público autorizado a cualquier persona que reuna las demás calificaciones mencionadas en esta sección, que posea un certificado de contador público autorizado expedido de acuerdo con las leyes de cualquier estado, posesión, territorio o subdivisión política de Estados Unidos, siempre que los requisitos para la expedición de tal certificado fueren, a juicio de la Junta, equivalentes a los requisitos exigidos en Puerto Rico en la fecha en que se expidió originalmente el certificado del solicitante, siempre y cuando que por las leyes de tal estado, posesión, territorio, o subdivisión política de Estados Unidos se autorice la expedición de licencias sin examen a los contadores públicos autorizados de Puerto Rico que reunan las calificaciones exigidas por tal estado, posesión, territorio o subdivisión política de Estados Unidos para la expedición de licencias sin examen."

Para que se entienda cabalmente a que se refiere la anterior disposición de ley transcrita, sigue a continuación una exposición comparada de las disposiciones pertinentes de la ley de Puerto Rico y de la ley de Tejas:

### Ley de Puerto Rico
*Sección 3:*

"La Junta expedirá certificados de 'contador público autorizado' a cualquier persona que:

(a) Sea ciudadana de los Estados Unidos o haya declarado debidamente su intención de hacerse ciudadana de los Estados Unidos. A aquellas personas que hayan declarado su intención de ser ciudada-

### Ley de Tejas
*Section 12:*

"Certification of Certified Public Accountants. The certificate of 'Certified Public Accountants' shall be granted by the Board to any person who is:

(a) A citizen of the United States or who has duly declared his or her intention of becoming such citizen, and who is a resident of the State

nas de Estados Unidos de América que no hayan continuado el trámite para la final declaración de dicha ciudadanía o cuya solicitud para tal ciudadanía fuere finalmente denegada, se les cancelará ipso facto la licencia y los derechos obtenidos al amparo de esta Ley; (b) sea residente del Estado Libre Asociado, o tenga un sitio de negocio o esté empleada en el mismo; (c) haya cumplido 21 años de edad; (d) goce de buena conducta moral; (e) cumpla con los requisitos de educación y experiencia prescritos en una de las 3 subdivisiones siguientes:

(1) Que sea graduada de un colegio o universidad reconocidos por la Junta, y haya terminado 58 ó más horas de crédito semestrales o su equivalente en el estudio de contabilidad, derecho mercantil, economía y finanzas, de las cuales por lo menos 32 horas de crédito semestrales deberán haber sido en el estudio de contabilidad; o

(2) Que sea graduada de un colegio o universidad reconocidos por la Junta, pero que no haya terminado las horas de estudio y las materias especificadas en la subdivisión (1) de esta sección, y que haya practicado la pro-

of Texas or has a place of business or is employed therein at the time of his application; and (b) who is over the age of twenty-one years; and (c) who is of good moral character; and (d) who meets the requirements of education and experience of one of the three following subdivisions:

(1) Who is a graduate of a junior college, senior college or university recognized by the Board, and has completed thirty or more semester hours or the equivalent thereof in the study of accounting, business law, economics and finance, of which at least twenty semester hours or the equivalent thereof shall be in the study of accounting, and has been engaged in practice as a public accountant, or been in the employ of a person engaged in the practice of public accountancy, or shall have been employed as an accountant or auditor in work of a non-routine accounting nature which continually requires independent thought and judgment on important accounting matters for one year preceding the date of application; or

(2) Who is a graduate of a junior college, senior college or university recognized by the Board but has not com-

fesión al servicio de un contador público autorizado, durante 4 años con anterioridad a la fecha de su solicitud; Disponiéndose, que la Junta podrá aceptar a su juicio o discreción como equivalente por cada año de práctica al servicio de un contador público autorizado, experiencia de 2 años en la práctica de contabilidad como contador privado, o como contador al servicio del Gobierno Estadual o Federal, o como instructor de contabilidad de nivel universitario; o

(3) Que sea graduada de una escuela superior con un curso de 4 años o posea una educación equivalente y haya practicado la profesión al servicio de un contador público ·autorizado, por lo menos durante 6 años con anterioridad a la fecha de su solicitud; Disponiéndose, que la Junta podrá aceptar a su juicio o discreción, como equivalente por cada año de práctica al servicio de un contador público autorizado, experiencia de 2 años en la práctica general de contabilidad como contador privado, o como contador al servicio del Gobierno Estadual o Federal, o como instructor de contabilidad de nivel universitario;

(f) Que haya aprobado exámenes escritos en teo-

pleted the hours of study in subjects specified in subdivision (1) of this section, and has been engaged in practice as a public accountant, or been in the employ of a person engaged in the practice of public accountancy, or shall have been employed as an accountant or auditor in work of a non-routine accounting nature which continually requires independent thought and judgment on important accounting matters for three years preceding the date of application; or

(3) Who is a graduate of a high school with a four year course or has an equivalent education and has been in practice as a public accountant, or been in the employ of a person engaged in the practice of public accountancy, or shall have been employed as an accountant or auditor in work of a non-routine accounting nature which continually requires independent thought and judgment on important accounting matters, for at least four years preceding the date of application; and

(e) Who shall have successfully passed written examinations in the theory of accounts, in accounting practice, in auditing, in commercial law as affecting account-

ría de cuentas, práctica de contabilidad, intervención de cuentas, y derecho mercantil en lo que afecta a contabilidad.

La Junta celebrará los exámenes que en esta ley se disponen. Dichos exámenes se llevarán a cabo con tanta frecuencia como fuere necesario a juicio de la Junta, pero nunca menos frecuentemente que una vez al año. El candidato que fracase tendrá derecho a cualquier número de rexámenes. El candidato que apruebe un examen satisfactorio en cualesquiera dos materias tendrá derecho a que se le reexamine únicamente en las materias restantes, en los exámenes subsiguientes que celebre la Junta, y si aprueba el examen en las materias restantes dentro del término que determinen los reglamentos de la Junta, se le considerará como que ha aprobado el examen."

*Sección 3:*

"La Junta podrá, a su discreción, eximir de examen y expedirle certificado de contador público autorizado a cualquier persona que reuna las demás calificaciones mencionadas en esta sección, que posea un certificado de contador público autorizado expedido de acuerdo con las

ing and in such other related subjects as the Board may deem advisable. Each applicant shall be required to make a grade of at least seventy-five (75%) per cent on each subject. Applicants for the examinations shall meet the requirements stated in subdivisions (a), (b), (c), and (d) of this section before such applicant shall be permitted to take the examination; except, a candidate for the certificate of 'certified public accountant' who meets the educational requirements in subdivision (1) of clause (d) of the first paragraph of this section shall be immediately entitled to examination in subjects other than accounting practice, but shall be required to meet the one-year experience requirement of said subdivision (1) before admission to examination in accounting practice. Provided, however, that anyone who meets the requirements of education and experience of one of the three subdivisions (1), (2), (3), and who is duly enrolled as an attorney in the Supreme Court of Texas and has complied with the provisions of the State Bar Act and is a member of the State Bar in good standing, shall be immediately entitled to examination in subjects other than commercial law, as af-

leyes de cualquier estado, posesión, territorio o subdivisión política de Estados Unidos, siempre que los requisitos para la expedición de tal certificado fueren, a juicio de la Junta, equivalentes a los requisitos exigidos en Puerto Rico en la fecha en que se expidió originalmente el certificado del solicitante, siempre y cuando que por las leyes de tal estado, posesión, territorio, o subdivisión política de Estados Unidos se autorice la expedición de licencias sin examen a los contadores públicos autorizados de Puerto Rico que reunan las calificaciones exigidas por tal estado, posesión, territorio o subdivisión política de Estados Unidos para la expedición de licencias sin examen."

fecting accounting, and will be given credit for commercial law without taking the written examination on commercial law."

*Section 13:*

"Reciprocity. (a) The Board may in its discretion waive the examination of, and may issue a certificate as 'certified public accountant' to, any person possessing the other qualifications mentioned in Section 12 of this Act who is the holder of a certificate as certified public accountant issued under the laws of any state or territory (or the equivalent thereof issued in any foreign country), provided the requirements for such certificates in the state or territory (or foreign country) which has granted it to the applicant were in the opinion of the Board equivalent to those required in this state at the time the applicant's original certificate was issued, and provided that such state or territory (or foreign country) may extend the same privilege to certified public accountants holding certificates from this state." [1]

---

[1] En 1961 se eliminó la disposición:

"Provided that such state or territory (or foreign country) may extend the same privilege to certified public accountants holding certificates from this state."

En vista de las distintas interpretaciones que los litigantes, la Junta y el Tribunal han dado a la disposición de reciprocidad de nuestra Ley, conviene hacer una breve exposición de su historial legislativo.

Según se aprobó la misma originalmente en el año 1945, se dispuso que la Junta podría, *a su discreción*, eximir de examen y expedirle certificado de "contador público autorizado" a cualquier persona que teniendo las demás calificaciones mencionadas en la Sec. 3 de la Ley, poseyera un certificado de contador público autorizado expedido de acuerdo con las leyes de cualquier Estado, siempre que los requisitos para la expedición de tal certificado en dicho Estado fueren, *a juicio de la Junta*, equivalentes a los requisitos exigidos en Puerto Rico en la fecha en que se expidió originalmente el certificado del solicitante.

En el año 1952, y por la Ley Núm. 208 de 8 de mayo, la anterior disposición sufrió un radical cambio. Se dispuso entonces de la siguiente manera:

"La Junta Examinadora expedirá Certificado de Contador Público Autorizado a cualquier Contador Público Autorizado de otro Estado de la Unión Americana que lo solicitare, *sin llenar ningún otro requisito de esta Sección 3*, siempre que la ley que rige la práctica de la contabilidad pública en el Estado de que procede, provea para la expedición de un Certificado de Contador Público Autorizado a cualquier Contador Público Autorizado de Puerto Rico que lo solicite, en las condiciones que provee este párrafo."

Cabe observar que la anterior enmienda privó a la Junta de toda función de discreción y de juicio. No exigió que el contador público autorizado de afuera cumpliera con los requisitos de nuestra Ley, y la única condición impuesta fue que el Estado de procedencia proveyera a un contador público autorizado de Puerto Rico un trato en las mismas condiciones.

La disposición de reciprocidad sufrió una tercera enmienda en el año 1957 por la Ley Núm. 81 de 20 de junio, quedando redactada entonces de la manera en que se aplica a este litigio y según rige al presente. El historial de esta tercera enmienda es el siguiente:

En 23 de octubre de 1956 el entonces Administrador de la Administración de Fomento Económico, Sr. Teodoro Moscoso, envió un memorando al entonces Gobernador Sr. Luis Muñoz Marín sometiendo un anteproyecto para enmendar las Secs. 3 y 4 de la Ley de Contabilidad Pública de 1945. Se propuso una enmienda a la disposición de reciprocidad igual a como finalmente quedó aprobada, manifestando el Sr. Moscoso que se hacía para aclarar el problema de reciprocidad y para que la hubiera con aquellos Estados que expidieran licencia de contador público autorizado que tuviesen requisitos *tan altos* como los que se exigen en Puerto Rico, y además, si dicho Estado extendía *privilegios similares* a los contadores públicos autorizados de Puerto Rico. El anteproyecto fue recomendado favorablemente al Gobernador por el entonces Secretario de Justicia Interino, Lcdo. Juan B. Fernández Badillo.

Ese anteproyecto se convirtió en el P. del S. Núm. 117. En el Informe de la Comisión de Gobierno Estatal, sometido a la Cámara de Representantes por dicha Comisión se dice que el Proyecto introduce dos *enmiendas fundamentales* a la Sec. 3 del estatuto indicado.

"(a) .　.　.　.　.　.　.　.

(b) Se modifica la cláusula de reciprocidad para hacerla *más restrictiva*. Contrario a lo dispuesto en el estatuto vigente, el P. del S. 117 requiere que el solicitante reuna *todos* los requisitos contenidos en la Sección 3 de la Ley Núm. 293 de 1945 *y deja a la discreción de la Junta Examinadora* si debe o no eximir de examen al solicitante." (Énfasis nuestro.) Refiriéndose a la Sec. 4 de la Ley, que aunque no está

envuelta en este litigio fue igualmente enmendada por el mismo Proyecto para hacerla más restrictiva que la Sec. 4 en vigor, dice el Informe que la enmienda *condiciona* el registro a que el solicitante haya adquirido su título cubriendo requisitos de preparación y experiencia *tan altos* como los que se requieren en Puerto Rico para la fecha en que el solicitante obtuvo su título. *Diario de Sesiones*, Vol. IX, Tomo III, pág. 1317.

Durante la discusión del Proyecto en el Hemiciclo y contestando a una interpelación del Representante Sr. Feliú Pesquera, dijo el Representante Sr. Muñoz Padín, Presidente de la Comisión de Gobierno Estatal, que la cláusula de reciprocidad del Proyecto fortalecía el prestigio de la profesión de contable en Puerto Rico al establecer que fueran *los mismos requisitos* que hay en Puerto Rico para evitar que no pudiera haber reciprocidad por meras disposiciones estatutarias, sino que además de permitirse, la reciprocidad no sólo fuera por disposición estatutaria sino porque hubieran *los mismos requisitos* que se exige por la Junta de Puerto Rico; y en ese aspecto la profesión cobraba realce y mayor prestigio. Más adelante, el propio Sr. Muñoz Padín, contestando al Sr. Feliú Pesquera volvió a manifestar que la reciprocidad se daba si procedía de un Estado donde tuvieran *los mismos requisitos que establece nuestra Junta* y que hubiera "reciprocidad con los nuestros. *Si no hay reciprocidad no puede ser admitido*", reafirmó el Sr. Muñoz Padín. *Idem*, pág. 1358.

 La disposición de reciprocidad de nuestro estatuto hace discrecional de la Junta el otorgar o no, *sin examen*, un certificado de contador público autorizado a personas de afuera. Hace igualmente discrecional de la Junta, según su mejor juicio, el determinar que los requisitos del Estado de procedencia tienen equivalencia con requisitos exigidos por

Puerto Rico. Lo que obviamente el Legislador no dejó a la discreción de la Junta ni a su juicio, fue el cumplimiento de la disposición del trato recíproco, o sea, de esa parte de la Ley que dispone "siempre y cuando que por las leyes de tal estado, posesión, territorio o subdivisión política de Estados Unidos se autorice la expedición de licencia sin examen a los contadores públicos autorizados de Puerto Rico que reunan las calificaciones exigidas por tal estado, posesión, territorio o subdivisión política de Estados Unidos para la expedición de licencias sin examen." La ausencia de discreción en la Junta para eximir de este requisito de la ley no sólo surge claramente de su propio texto, sino también del historial legislativo a que hemos hecho referencia y de las expresiones vertidas durante el trámite de la legislación.

▮ Dejando a un lado el hecho de si la Universidad de Tejas había sido o no reconocida por nuestra Junta, del examen de ambos estatutos según se transcriben anteriormente surge que mientras nuestra ley exige ser un graduado de colegio o universidad con 58 ó más horas de crédito semestrales en determinados estudios, de las cuales, por lo menos 32 horas deben ser de estudios de contabilidad, Tejas exige sólo 30 horas de crédito semestrales en esos estudios, de las cuales 20 deben ser en contabilidad, e incluye también al graduado de un colegio menor (*junior college*). Puede comprobarse igualmente en cuanto a las otras situaciones comprendidas en los incisos (2) y (3) del párrafo (a) que la Ley de Puerto Rico exige requisitos mayores de experiencia que la de Tejas.

▮ Concebimos que en uso de su mejor juicio y discreción considerando todas las circunstancias, la Junta de Puerto Rico tenía facultad para determinar si existían equivalencias entre los requisitos de uno y otro lugar. De haber determinado que existía equivalencia, posiblemente su actuación no

hubiera sido alterada por los tribunales. Al resolver, como en este caso, que los requisitos no eran comparables, menos exigentes los de Tejas en cuanto a preparación y experiencia, no puede decirse que infringiera la Ley, ni que incurriera en un abuso de discreción, a la luz de todo el historial de esta disposición de reciprocidad y del propósito legislativo.

La cuestión de equivalencia no es, sin embargo, el único factor que rige la decisión de este caso. Está el requisito de la reciprocidad a ser otorgada por el Estado de afuera a los contadores públicos autorizados de Puerto Rico. En cuanto a tal requisito concierne, la Junta no tenía discreción alguna, sino hacerlo cumplir.

Fue por lo tanto una gestión legítima de la Junta, y necesaria en cumplimiento de la Ley, las gestiones realizadas por ella con Tejas para determinar qué reciprocidad concedía este Estado a los titulados de Puerto Rico. Estas fueron las gestiones erróneamente caracterizadas por el peticionario como función de hacer "tratados de reciprocidad", función ésta que según alega él correspondía a organismos más altos en la jerarquía gubernamental. La Sala también acogió ese criterio erróneo.

Según el expediente, la Junta en Puerto Rico ofrecía a todo aspirante la opción de pasar un examen preparado por ella o un examen del American Institute of Certified Public Accountants. La gran mayoría de los contadores nuestros tomaban el examen de la Junta. Ello quiere decir, que la gran mayoría de los contadores con título de Puerto Rico y posiblemente también los que escogían el examen del Instituto no eran aceptables sin examen mediante reciprocidad por Tejas, ya que según su Junta administraba y ponía en vigor la ley de ese Estado, exigía como condición no sólo que se hubiera aprobado el examen del Instituto, sino también que los papeles de estos exámenes fueran corregidos por el propio Instituto. De haber aceptado la Junta esa situación

no habría dado cumplimiento al mandato del Legislador que exigía trato y reconocimiento recíprocos en cuanto a la virtualidad y categoría de los títulos otorgados por Puerto Rico.

En el curso de esta contienda, tanto al nivel administrativo como al nivel judicial, se han hecho expresiones por el peticionario que tienden a indicar que la Junta ha actuado respondiendo a motivaciones de egoismo de una clase profesional, tratando de cerrar puertas al profesional de afuera. No nos parece que tal haya sido la situación.

Además, el peticionario está reclamando un mero privilegio, cual es, el que se le otorgue aquí un título *sin pasar examen*. No se trata del caso ordinario de que se le admita a examen y demostrar así a la Junta, mediante el mismo, que tiene conocimientos suficientes para que se le otorgue el título que pide. El privilegio que reclama el peticionario no lo pueden disfrutar ni aun los propios puertorriqueños o aquí residentes que hacen su preparación académica en las instituciones de enseñanza de Puerto Rico. Estos están obligados por nuestra Ley a pasar un examen.

■ Siendo lo que reclama el peticionario una mera gracia legislativa, no hay razón para que la Junta no vele porque tal gracia se disfrute conforme a la exigencia de la Ley, ni hay razón para forzar judicialmente el uso de una discreción administrativa.

En *Debién* v. *Junta de Contabilidad*, 76 D.P.R. 96 (1954), dijimos refieriéndonos a la función administrativa (pág. 104) :

"El Legislador establece las normas generales tan amplias que puedan dejar al administrador un margen adecuado de libertad para complementar las normas legislativas mediante la aplicación de su juicio experimentado, pudiendo desenvolverse la agencia en un área de análisis, apreciación y discreción administrativa, *siempre y cuando que esa discreción tenga una base de razonabilidad.*" (Énfasis nuestro.)

En *Pueblo* v. *Sánchez González*, 90 D.P.R. 197 (1964), dijimos ante un problema de discreción judicial (pág. 200):

"Ningún Tribunal de Justicia posee discreción absoluta. Se puede establecer como principio invariable, que cualquier delegación de poder legislativo concediendo discreción absoluta, resultaría inconstitucional, pues ello equivaldría a una delegación *in toto* del poder legislativo, actuación contraria a los cánones constitucionales de una democracia.

El concepto legal de la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho, sino la obligación de aplicar las reglas del *conocimiento distintivo* a ciertos hechos jurídicos con el objeto de mitigar los efectos adversos de la Ley, a veces diferenciando unos efectos de otros. Discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, cuando los elementos coactivos de una Ley resultan superiores a los elementos reparadores. La discreción permite salirse un tanto de la Ley en busca de la justicia." (Énfasis nuestro.)

El expediente de este caso nos convence que la discreción que el estatuto otorga a la Junta de Contabilidad para conceder títulos *sin examen* no fue usada por ella en esa forma vedada por los pronunciamientos anteriores. Ni los hechos, ni la Ley aplicable justifican que la Sala sentenciadora dejara sin efecto el dictamen de la Junta.

*Se revocará la sentencia recurrida y se dictará otra declarando sin lugar la petición del Sr. Homer W. Thompson para que se le otorgue título de Contador Público Autorizado en Puerto Rico sin pasar examen.*