Ramírez Nazario, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El señor Lawrence Odell Peck y el señor José M. Higueras Freyrías, en conjunto, y la señora Carmen A. García Barroso, por separado, presentaron ante nos dos recursos de revisión judicial el 29 de diciembre de 2004. Las partes solicitan que revoquemos la resolución dictada por la Administración de Reglamentos y Permisos (ARPE) el día 14 de julio de 2004 y notificada el 11 de agosto de 2004, aprobando el anteproyecto de construcción presentado por Condado Paradise Mall, Inc. y autorizando la preparación de los planos finales para la estructura de vivienda propuesta en el área del Condado. Por estar ambos recursos íntimamente relacionados, este Tribunal, mediante resolución dictada el 23 de febrero de 2005 y notificada el 11 de marzo de 2005, decidió consolidarlos. Analizados ambos recursos y la comparecencia de la ARPE, a la luz del derecho aplicable, resolvemos confirmar la resolución recurrida.
I
Siendo los mismos hechos para ambos recursos, procedemos a exponerlos en conjunto. El anteproyecto en cuestión propone la construcción de un edificio residencial multipisos en la calle Magdalena núm. 1112, en el sector El Condado. El mismo incluyó una solicitud de variaciones según las disposiciones del Reglamento de Zonificación Especial para el Sector del Condado, Núm. 3319, Ley Núm. 75 del 24 de junio de 1975. El proponente, Condado Paradise Mall, Inc. radicó ante ARPE el correspondiente Memorial Explicativo y un Análisis del Proyecto y de las Variaciones Solicitadas, justificando éstas. Como parte de la solicitud, la parte proponente somete el formulario ARPE 15.163 (Rev.), en el cual certifica haber notificado de la misma a cuarenta y cuatro (44) vecinos del área donde se propone construir el proyecto, entre ellas, al señor Odell Peck, al señor Higueras Freyrías y a la señora García Barroso (los recurrentes). Todos los vecinos fueron notificados a las direcciones que aparecen en el propio formulario. Sin embargo, los recurrentes alegan que no recibieron tal notificación.
Considerada la solicitud, y luego de obtener las evaluaciones, recomendaciones y comentarios de las agencias consultadas, ARPE aprobó el anteproyecto de construcción y autorizó la preparación de los planos finales para la estructura propuesta mediante resolución de 14 de julio de 2004. Esta resolución fue notificada a la parte proponente y a los vecinos, incluyendo a los recurrentes, el día 11 de agosto de 2004.
*1143 El 1 de septiembre de 2004, los recurrentes radicaron solicitud de reconsideración y el 7 de septiembre el señor Odell Peck radicó una carta solicitando intervención en los procedimientos administrativos. El 8 de septiembre, ARPE determinó acoger las solicitudes de reconsideración. Esta determinación fue notificada el 10 de septiembre de 2004. La misma apercibió a las partes interesadas que ARPE debía resolver la reconsideración dentro de noventa (90) días contados a partir de la fecha de su radicación. De no resolverse dentro de dicho término, procedía acudir al Tribunal de Apelaciones mediante revisión judicial a ser presentada dentro de los próximos treinta (30) días contados a partir de la expiración del término de los noventa (90) días. Mediante resolución de fecha 2 de diciembre de 2004, notificada a las partes el día 7 de diciembre de 2004, ARPE extendió el término para resolver la moción de reconsideración por treinta (30) días adicionales. El 29 de diciembre de 2004, los recurrentes acudieron a este foro mediante un recurso de revisión judicial.
II
En su recurso de revisión, los señores Odell Peck e Higueras Freyrías alegan que la ARPE cometió los siguientes errores:'

“Primer Error:

Erró ARPE al no resolver, dentro del término de noventa (90) días jurisdiccionales, las mociones de reconsideración ante su consideración y ordenar la prórroga de dicho término por (30) días adicionales sin justificar las razones para ello y luego de pasado el término original.

Segundo Error:

Erró ARPE al aprobar el plano del anteproyecto aun cuando su proponente no justificó las variaciones solicitadas ni descargó su obligación de probar que existen las circunstancias extraordinarias que justifiquen la autorización de las variaciones propuestas.

Tercer Error:

Erró ARPE al aprobar el anteproyecto sin que el Ledo. Lawrence Odell Peck fuese notificado de la petición del proponente-recurrido en violación al debido proceso de ley de éste. ”

Por su parte, la señora García Barroso alega la comisión de los siguientes errores:

“Primer Error:

Erró ARPE al autorizar un anteproyecto basado en la cabida del predio según escritura, la cual es inexistente.

Segundo Error:

Erró ARPE al autorizar una serie de variaciones utilizando como base para los cómputos y consideraciones reglamentarias, una cabida del predio que es inexistente.

Tercer Error:

Se violó el debido proceso de ley de la señora García Barroso cuando no se le notificó de la presentación del anteproyecto.

*1144
Cuarto Error:

ARPE abusó de su discreción al no celebrar vistas públicas sobre el anteproyecto presentado, según le permite el Reglamento de Zonificación Especial del Condado. ”

Con el beneficio de la comparecencia de todas las partes, nos encontramos en posición de considerar los errores planteados.
III
Se desprende de la sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme, 4 L.P.R.A. see. 2165, (en adelante la LPAU), lo siguiente:
“La parte adversamente afectada por una resolución, u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha del archivo en autos de la notificación de la resolución u orden presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar la revisión judicial comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración, pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días, salvo que la agencia, por justa causa, y dentro de esos noventa (90) días, prorrogue el término para resolver en un período que no excederá de treinta (30) días adicionales. ” (Subrayado nuestro)
Como se establece claramente en la ley, si la agencia acoge la moción de reconsideración dentro de los quince (15) días que tiene para considerarla, comienza a decursar un término de noventa (90) días dentro de los cuales la agencia deberá resolver la misma. Si la agencia no tomase acción dentro de esos noventa (90) días perderá jurisdicción sobre la moción de reconsideración y el término de treinta (30) días para solicitar la revisión judicial comenzará a decursar desde la fecha de expiración de los noventa (90) días.
Sin embargo, una agencia administrativa, por justa causa, podría prorrogar dicho término por treinta (30) días adicionales, siempre y cuando la decisión de así hacerlo se tome y se notifique dentro del término original de los noventa (90) días. De lo contrario, como ya hemos señalado, pierde jurisdicción para actuar sobre la reconsideración.
Debemos señalar, por otro lado, que si una parte presenta un recurso de revisión judicial antes del término que tiene la agencia para resolver una moción de reconsideración, el mismo será prematuro y el Tribunal de Apelaciones carecerá de jurisdicción. Cf. Rodríguez v. Segarra, 150 D.P.R._, 2000 J.T.S. 64. Las agencias siempre tienen el poder inherente para considerar sus órdenes, siempre y cuando éstas no hubiesen perdido jurisdicción. Kelly Temporary Services v. Fondo del Seguro del Estado, 142 D.P.R. 290 (1997).
Por lo tanto, expirado el término de noventa (90) días que tiene la agencia para resolver una moción de reconsideración acogida, ésta habrá perdido jurisdicción sobre la misma y la parte deberá acudir en revisión judicial en los treinta (30) días siguientes.
Entre los deberes y las facultades del Administrador de la ARPE se encuentran el aplicar y velar el *1145 cumplimiento de sus propios reglamentos, de los Reglamentos de Planificación que haya adoptado o adopte la Junta de Planificación de Puerto Rico para el desarrollo, subdivisión y uso de terrenos y para la construcción y uso de edificios, así como el cumplimiento de toda ley estatal, ordenanza, o reglamentación de cualquier organismo gubernamental que regule la construcción en Puerto Rico. 23 L.P.R.A. sec. 71, inciso (p).
Atendiendo la facultad del Administrador de autorizar la construcción de proyectos de vivienda, el Reglamento de Procedimientos Adjudicativos de la Administración de Reglamentos y Permisos, Núm. 6435, Ley Núm. 76 del 24 de junio de 1975, considera que algunos proyectos, debido a circunstancias especiales, no cumplan estrictamente con los requisitos de los reglamentos aplicables. A estos fines, la sección 16.00 de dicho Reglamento, supra, sobre variaciones y excepciones, dispone que el Administrador o el Gerente del Centro de Servicios cuando le fuere delegado, podrá otorgar variaciones y excepciones a los requisitos de los reglamentos conforme a las leyes y reglamentos aplicables.
Con estos propósitos fue creado el Reglamento de Zonificación Especial para el área del Condado, Reglamento Núm. 3319, Ley Núm. 75 del 24 de junio de 1975. En su sección 6.02, este Reglamento dispone que toda variación deberá ser solicitada por el dueño o un representante autorizado del dueño de la propiedad para la cual solicita la misma, utilizando el formulario que se designe para tales propósitos.
El formulario que se ha designado por ARPE es el 15.163a . Este comprende la hoja de Notificación a Vecinos y Certificación para la Radicación de Casos Bajo las Disposiciones de Variaciones y Excepciones de los Reglamentos de Planificación sometido por los proponentes. En el mismo se tiene que certificar que los dueños de las propiedades vecinas mas cercanas, utilizando los criterios que expresamos más adelante, fueron notificadas de la intención de solicitar variaciones o excepciones.
El formulario de notificación antes identificado dispone que el número de dueños de propiedades más cercanas a ser notificados sobre la intención de radicar una variación o excepción, será el mayor que resulte en la aplicación de cualquiera de las siguientes disposiciones: (énfasis nuestro).

“a) todos los dueños de propiedades que radican dentro de una distancia de sesenta (60) metros medidos desde los límites del solar o parcela objeto de la petición hasta los límites de cualquier solar o parcela que radique dentro de la distancia antes indicada en área zonificada urbanizada.

b) En caso de áreas zonificadas no urbanizadas, o en áreas no zonificadas, el radio mínimo será el doble, o sea 120 metros. ”

De lo anterior se desprende que le corresponde al proponente de la solicitud de variaciones notificar según lo dispone el formulario, a las personas con propiedades aledañas al anteproyecto propuesto. El propósito de esta divulgación al mayor número de vecinos inmediatos al área de la propuesta construcción es que éstos puedan expresar cualquier oposición u objeción al proyecto.
La sección 2.00 del Reglamento de Procedimientos Adjudicativos de la ARPE, supra, define variaciones como la autorización que se concede para la construcción o ubicación de una estructura o parte de ésta, que no satisfaga los Reglamentos y Planes de Ordenación establecidos, pero que debido a la condición del solar, la ubicación especial o el uso particular, confronte una dificultad práctica y amerite una consideración especial, garantizándole que no exista perjuicio a las propiedades vecinas.
Las disposiciones del Reglamento de Zonificación del Condado, supra, establecen una serie de consideraciones que la ARPE deberá atender antes de aprobar las variaciones solicitadas. La sección 6.04 del Reglamento, supra, expresa que no podrá autorizarse una variación en todo o en parte, a menos que existan circunstancias extraordinarias para establecer una serie de factores. Entre ellos destacamos los siguientes:

*1146
Que circunstancias excepcionales o extraordinarias, tales como la forma irregular del solar o finca, su cabida bajo el mínimo requerido, u otras circunstancias, impidan el disfrute o la utilización de la propiedad.

- Que debido a las circunstancias excepcionales o extraordinarias, la aplicación literal de ciertos requisitos específicos de este Reglamento resultaría en una dificultad práctica o en un perjuicio innecesario no creado o atribuible al dueño de la propiedad.

- Que la variación es necesaria para la preservación y el disfrute de un derecho de propiedad y se demuestre que la variación aliviará un perjuicio claramente demostrable, cuyo derecho es poseído y disfrutado por otras pertenencias en el mismo distrito, el cual no afecta el bienestar público. ”

Dicho reglamento no establece el quántum de prueba que el proponente de la solicitud de variaciones o excepciones deberá aportar para demostrar la existencia de circunstancias extraordinarias.
El inciso (5) de la sección 2.00 del Reglamento de Procedimientos Adjudicativos de la ARPE, supra, define anteproyecto como la etapa preliminar de un plano de construcción de obras, así como de estructuras, preparado por un profesional autorizado en ley para continuar con las próximas etapas, que se somete a la ARPE para determinar si cumple con las leyes y reglamentos aplicables y para la adjudicación de variaciones y excepciones.
La sección 7.01 del Reglamento de Procedimientos Adjudicativos ante la ARPE, supra, regula el desarrollo de terrenos, la construcción de obras y estructuras y el uso de terrenos y estructuras mediante la expedición de dos tipos de resoluciones: la autorización y el permiso, previa la evaluación de la solicitud de servicios correspondiente, por ejemplo: (1) anteproyecto sin y con consulta aprobada de Junta de Planificación, (2) desarrollo preliminar sin o con consulta aprobada de la Junta de Planificación, (3) lotificación, (4) lotificación simple, (5) planos modelos, y (6) planos de inscripción de régimen de propiedad horizontal. Los permisos son fundamentalmente para: (1) construcción de estructuras de edificios, o (2) construcción de obras de urbanización, y para (3) uso de estructuras de edificio. Toda solicitud será presentada, utilizando el formulario oficial aplicable, en el Centro de Servicios o Programas correspondientes de la Oficina Central. La ARPE podrá adoptar otros formularios adicionales según surjan las necesidades.
La sección 7.02 del Reglamento de Procedimientos Adjudicativos de la ARPE, supra, dispone que cuando el funcionario que reciba la solicitud determine que la misma está completa e incluye los documentos necesarios, procederá a su radicación y entregará al solicitante el formulario oficial designado como acuse de recibo debidamente fechado y sellado. Por su parte, la sección 8.01 de dicho Reglamento dispone que se cotejará toda solicitud que se presente en armonía con las leyes y reglamentos aplicables.
Conforme al derecho administrativo, una agencia tiene el deber de notificar sus resoluciones a todas las partes de un procedimiento, que puedan verse afectadas por las mismas. La agencia debe, a la brevedad posible, notificar a las partes dentro de un término razonable. Esta notificación deberá advertir a las partes del derecho a solicitar la reconsideración o revisión de la resolución e incluirá los términos correspondientes. Sección 3.14 de la LPAU, 4 L.P.R.A. see. 2164. La notificación es importante para poner a las partes en conocimiento de la decisión administrativa y del derecho que tienen a solicitar la reconsideración o acudir al tribunal mediante recurso de revisión judicial. (Subrayado nuestro).
Según resuelto por el Tribunal Supremo, el debido proceso de ley requiere la notificación real y efectiva sobre decisiones administrativas. La notificación de la ARPE es necesaria para hacer posible que los vecinos afectados por dicha decisión puedan presentar sus reclamos u objeciones oportunamente y que esta agencia los considere antes de que su decisión sea final. La notificación es necesaria, además, para que los vecinos afectados puedan cuestionar oportunamente ante los tribunales cualquier dictamen administrativo que les sea *1147 adverso. La falta de notificación adecuada puede impedir que se procuren tales remedios, enervando así las garantías del debido proceso de ley. Municipio de Caguas, Et ais, v. AT &T Wireless PCS, Inc. Et ais, 2001 J.T.S. 96.
Sobre la celebración de vistas públicas, la see. 2.3 de la LPAU. 4 L.P.R.A., see. 2123, dispone que las agencias podrán discrecionalmente citar para vista pública, o si su ley orgánica u otra ley la hacen mandatoria. El Reglamento de Zonificación Especial para el Condado, supra, en su sección 6.03 expresa que ARPE podrá celebrar vistas públicas discrecionalmente en estos casos de modo que las partes interesadas tengan la oportunidad de expresarse y que la agencia pueda hacer las determinaciones de hechos y conclusiones de derecho descansando en la prueba aportada en la vista que justifique su determinación.
El debido proceso de ley no exige como regla general la celebración de una vista pública previa a toda privación de un derecho o interés propietario. Sólo basta que en un momento oportuno se le conceda al ciudadano la oportunidad de presentar su caso. Vélez Ramírez v. Romero Barceló 112 D.P.R. 716. Es materia de estudio de cada caso determinar si, conforme a la aplicación de ciertos criterios y factores, se tiene derecho a la vista pública como parte del debido proceso de ley.
Por último debemos examinar el alcance de la función revisora. La sección 4.5 de la LPAU, 3 L.P.R.A. see. 2175, al referirse al alcance de la función revisora, dispone en lo pertinente que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo. En lo que respecta a las conclusiones de derecho, éstas son revisables en todos sus aspectos por el tribunal. Asociación Vecinos del Hospital San Jorge v. United Medical Corporation, et als.; P.R.T.C. v. R. Reg. Tel. de P.R., 151 D.P.R. _ (2000), 2000 J.T.S. 98. Aun en este ultimo caso, se ha señalado que las interpretaciones que hacen los organismos administrativos del alcance de sus facultades merecen gran deferencia judicial si son razonables y consistentes con su propósito legislativo. P.R.T.C. v. R. Reg. Tel. de P.R., supra; Colon v. Mendez, Depto. de Recursos Naturales, 130 D.P.R. 433, 453 (1992). Los tribunales, pues, no están autorizados a intervenir con las determinaciones de la agencia en ausencia de una demostración de que. son caprichosas, irrazonables o arbitrarias. Costa, Piovanetti v. Caguas Expressway, 149 D.P.R. _ (2000), 2000 J.T.S. 11; Debien v. Junta de Contabilidad, 76 D.P.R. 96, 105 (1954); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
Los procedimientos y decisiones de un organismo administrativo tienen a su favor una presunción de corrección y regularidad, la cual debe ser respetada mientras la parte que la impugne no produzca suficiente evidencia para derrotarla. Pérez Vélez v. VPH Motors Corp., 152 D.P.R. _ (2000), 2000 J.T.S. 177. Por eso, los tribunales deben ser cautelosos al intervenir con las determinaciones de organismos administrativos. Viajes Gallardo v. Clavell, 131 D.P.R. 275, 289-290 (1992). Además, deben otorgarle deferencia a las mismas si están sostenidas por evidencia sustancial que conste en el expediente administrativo. Rivera Concepción v. A.R.P.E., 152 D.P.R. _ (2000), 2000 J.T.S. 155. Se entiende por evidencia sustancial aquella "que una mente razonable podría aceptar como adecuada para sostener una conclusión". Asociación Vecinos del Hospital San Jorge v, United Medical Corporation, et als.; Hilton Hotel International v. Junta de Salario Mínimo, 74 D.P.R. 670, 687 (1953).
En Misión Ind. P.R. v. J.P. y A.A.A., 142 D.P.R. 656, 672-673 (1997), nuestro más alto foro explicó que, sin estar inmunes a la revisión judicial, se presume la corrección de las actuaciones administrativas. Los tribunales revisores no deben juzgar la sabiduría de las determinaciones de política pública que hacen las agencias administrativas dentro del marco de su pericia. Id. Por tanto, en ausencia de arbitrariedad, parcialidad o craso error, no debemos intervenir en las interpretaciones administrativas que estén dentro del expertise de la agencia.
IV
Los recurrentes Odell Peck e Higueras Freyrías señalan como primer error que la ARPE perdió jurisdicción *1148 sobre las mociones de reconsideración al prorrogar el término para resolverlas fuera del término original de noventa (90) días. Tienen razón.
La resolución final de la agencia fue notificada el 11 de agosto de 2004. La misma advirtió a las partes de lo dispuesto en la sección 3.15 de la LPAU, supra. Los recurrentes presentaron reconsideración el 1 de septiembre de 2004. ARPE acogió las mociones de reconsideración y emitió resolución a tales efectos el 8 de septiembre de 2004, la cual fue notificada el 10 de septiembre de 2004. En ésta hizo claro que debería considerar las mismas dentro de noventa (90) días de la fecha de su presentación. También advirtió que pasados estos noventa (90) días sin que se hubiese tomado alguna acción sobre las reconsideraciones acogidas, la parte que lo interesara podía recurrir en revisión judicial al Tribunal de Circuito de Apelaciones dentro de un término de treinta (30) días.
Así las cosas, ARPE emitió otra resolución de fecha del 2 de diciembre de 2004, notificada el 7 de diciembre de 2004, donde, sin expresar justa causa, determinó extender el término para resolver las mociones de reconsideración por treinta (30) días adicionales.
Como esbozáramos anteriormente, una agencia, por justa causa, y dentro del término de los noventa (90) días, puede prorrogar el término original que tiene para resolver una moción de reconsideración. La ARPE contaba con noventa (90) días a partir del 1 de septiembre de 2004 para resolver la moción de reconsideración, los cuales expiraron el 30 de noviembre de 2004.
La determinación de ARPE de extender el término por treinta (30) días adicionales fue hecha fuera del término; por lo tanto, había perdido jurisdicción sobre las mociones de reconsideración y tal prórroga carece de efecto jurídico alguno. Por esta razón, los recursos presentados el día 29 de diciembre de 2004, fueron presentados en término, no son prematuros y tenemos jurisdicción sobre ellos.
Señalan los señores Odell Peck e Higueras Freirías, como segundo error, que la ARPE erró al aprobar la solicitud de variaciones aun cuando el proponente incumplió con su obligación de probar la existencia de circunstancias extraordinarias que justifiquen la autorización de las variaciones propuestas según la sección 6.04 del Reglamento de Zonificación Especial para el área del Condado, supra. Por su parte, la señora García Barroso señala como primer y segundo error, el que la ARPE hubiese aprobado el anteproyecto en cuestión y las variaciones solicitadas aún cuando existe un pleito ante el TPI en el cual está en controversia la cabida del predio en donde se propone realizar la construcción. Por estar relacionados, discutiremos estos tres errores señalados en conjunto.
La ARPE evalúa cada caso de acuerdo a la información suministrada por la parte proponente. En adición, para la evaluación del proyecto se solicitaron las evaluaciones, recomendaciones y comentarios preliminares de las agencias concernidas. En este caso, la Autoridad de Acueductos y Alcantarillados, la Autoridad de Energía Eléctrica, la Junta de Calidad Ambiental, la Autoridad de Carreteras y Transportación, el Departamento de Transportación y Obras Públicas, el Departamento de Recursos Naturales y Ambientales y el Gobierno Municipal de San Juan, fueron consultados y se expresaron por escrito. Éstas son las agencias que poseen el expertise en las diferentes áreas relacionadas con el medio ambiente e infraestructura del país.
ARPE consultó estas agencias para tomar una decisión informada. De las cartas y documentos que sometieron estas agencias, luego de evaluar los que ARPE les sometió con su consulta, se desprende que se tomaron en consideración los elementos que presenta la propuesta del anteproyecto de construcción de los recurridos; específicamente para esa área del Condado. Cada una de estas agencias hizo constar por escrito sus requerimientos, condiciones y recomendaciones. Las mismas prestaron su endoso condicionado a que el proponente cumpliera con los requerimientos de cada agencia y que obtuviera los permisos necesarios para las acciones propuestas.
*1149 Las preocupaciones específicas de los recurrentes sobre los posibles problemas con el sistema de alcantarillado y la congestión vehicular fueron atendidas por las agencias correspondientes; a saber, la Autoridad de Acueductos y Alcantarillados y la Autoridad de Carreteras y Transportación. (Ver Resolución de la ARPE, págs. 48, 49 y 51 del Apéndice del KLRA-2004-01060). La resolución de la ARPE advirtió al proponente que será su responsabilidad evitar que las aguas pluviales generadas en el área en construcción causen problemas de inundaciones a las viviendas y/o edificios existentes en el sector del proyecto propuesto durante la construcción. Por su parte, la Junta de Calidad Ambiental informó que evaluó el posible impacto ambiental de la acción propuesta y que para cumplir con la Ley sobre Política Pública Ambiental, Ley Núm. 2 del 18 de junio de 1970, deben ponerse en efecto las recomendaciones indicadas en el documento suscrito por ésta. (Ver Resolución de la ARPE, pág. 48 del Apéndice del KLRA-2004-01060).
El Departamento de Recursos Naturales indicó que el proyecto deberá cumplir con las disposiciones del Reglamento de Planificación Núm. 25 (Reglamento de Siembra, Corte y Forestación de Puerto Rico). (Ver Resolución de la ARPE, pág. 50 del Apéndice del KLRA-2004-01060). La Autoridad de Acueductos y Alcantarillados, como indicáramos anteriormente, analizó el servicio de agua y de alcantarillado para el proyecto. La Autoridad de Energía Eléctrica incluyó planos con información gráfica sobre las facilidades eléctricas disponibles en el área del propuesto proyecto. (Ver Resolución de la ARPE, pág. 50 del Apéndice del KLRA-2004-01060). Por su parte, el Gobierno Municipal de San Juan informó que el proyecto deberá cumplir con las disposiciones del Reglamento de Ordenación Territorial del Municipio de San Juan, vigente a partir del 13 de marzo de 2003.
El memorial explicativo sometido por el proponente recurrido discute y justifica las variaciones y excepciones solicitadas. A juicio de ARPE, dicho memorial estableció cada una de las circunstancias excepcionales en cumplimiento con el Reglamento de Zonificación Especial del Condado, supra.
Discutimos que la ARPE tiene la facultad de conceder variaciones a los proyectos de construcción. En el ejercicio de dicha facultad, aprobó la solicitud de variaciones hecha por el proponente recurrido, Condado Paradise, Inc. El anteproyecto aprobado está sujeto a una serie de condiciones, requisitos y recomendaciones que tienen que cumplirse previo a la aprobación final del proyecto.
Entendemos que la aprobación de las variaciones en cuestión fue hecha conforme a la ley y reglamentos aplicables por la agencia con el expertise y no se ha derrotado la presunción de corrección que aplica a los procedimientos y decisiones de este organismo administrativo.
ARPE entiende que evaluado el proyecto como un todo, se cumple con los criterios establecidos en la sección 6.04 del Reglamento de Zonificación Especial del Condado, supra. Determinó que las variaciones y excepciones solicitadas no afecta adversamente la disponibilidad de la infraestructura, el contexto donde ubica, el ambiente, la seguridad y tranquilidad de los vecinos, su intensidad no convierte el distrito en otro y se logra un desarrollo urbano compacto según dispone el Reglamento de Ordenación Territorial del Municipio de San Juan.
Con respecto a los señalamientos de error que nos presenta la recurrente García Barroso relacionados con la cabida del solar donde se propone la construcción, la ARPE señala que para los efectos de su resolución tomó como base la cabida del predio según surgía de la escritura pública presentada por el proponente. (Ver Resolución de ARPE, pág. 52 del Apéndice del KLRA-2004-01060.) Según se desprende de la Resolución, ARPE reconoce la posibilidad de la existencia de una diferencia entre la cabida que expresa la escritura pública y la cabida real del predio. Expresó que: “La parte proponente utiliza para efectos de los cómputos la cabida del predio, (953.28 metros cuadrados) y no explica los fundamentos para la toma de dicha acción. De utilizarse la cabida real para los cómputos de los parámetros para el proyecto propuesto, aumentaría notablemente la cantidad y extensión de variaciones a las disposiciones reglamentarias.” De este modo, la ARPE apercibe al proponente de que, de prevalecer la cabida real, las variaciones aumentarán considerablemente, por lo que éstas tendrán que ser *1150 justificadas y fundamentadas nuevamente.
Pasamos a discutir en conjunto los señalamientos de error hechos por las partes recurrentes en cuanto a la falta de notificación. El señor Odell Peck alega que al no ser notificado de la petición del proponente se violó su debido proceso de ley. La señora García Barroso alega, en términos similares, que al no notificársele de la presentación del anteproyecto se violó su debido proceso de ley. Anteriormente expresamos que la obligación de notificar sobre la presentación de una solicitud de variaciones es del proponeníe de las mismas. La ARPE exige que el proponente certifique, mediante la presentación del Formulario 15.163a, que ha hecho la debida notificación al mayor número de dueños de propiedades vecinas. En el referido formulario aparecen los nombres de cada uno de los recurrentes. (Ver pág. 23 del Apéndice del KLRA-2004-01060.)
El señor Odell Peck alega que ARPE erró al aprobar el anteproyecto sin que hubiere sido notificado del mismo por el proponente. Del formulario que se sometiera conjuntamente con la petición del anteproyecto, se desprende que el proponente le certificó a la agencia que le había notificado al mayor número de dueños de propiedades vecinas incluyendo al señor Odell. En cuanto a la señora García Barroso, ésta señala como error el que no se le notificó la presentación del anteproyecto. En el formulario aludido se certifica que ésta fue notificada.
Entendemos que la ARPE no tiene la obligación de notificarle de la presentación del anteproyecto a los vecinos del mismo y sí de la resolución en que decidió aprobarlo, lo cual hizo. La obligación de notificar al mayor número de propiedades vecinas le corresponde al proponente y así tiene que certificárselo a ARPE, lo cual se hizo. El propósito de la obligación impuesta a la agencia de notificar sus decisiones a los vecinos de un proyecto propuesto es que éstos puedan presentar sus reclamos oportunamente. En este caso, los recurrentes tuvieron esta oportunidad. Los tres presentaron oportunamente sus solicitudes de reconsideración a la ARPE y éstas fueron acogidas por la agencia para su consideración. El recurrente Odell presentó además una solicitud de intervención.
Aun cuando el señor Odell alega que había un error en su dirección postal, su derecho al debido procedimiento no se vio afectado por ello. Igualmente ocurre con la señora García Barroso.
El caso que nos ocupa es distinguible del caso Municipio de San Juan v. AT&T Wireless, supra, que nos señalan los recurrentes. En éste, la controversia giró en tomo a la falta de oportunidad de los vecinos de solicitar intervención y reconsideración ante la ARPE antes de que comenzaran las obras de construcción de una torre de telecomunicaciones, ya que éstos no fueron notificados ni de la presentación del anteproyecto ni de la resolución en que se decidió aprobarlo.
Distinto a la situación anterior, en el caso ante nos, las obras de construcción aún no han comenzado. Además, del expediente surge que las partes recurrentes fueron notificadas de la resolución final de la agencia y más importante aún, presentaron oportunamente las mociones de reconsideración en las que expresaron su oposición al anteproyecto.
Como indicáramos anteriormente, una agencia administrativa tiene la obligación de notificar a las partes afectadas por una resolución para que así las mismas tengan la oportunidad de solicitar la reconsideración o de recurrir en recurso de revisión judicial. El alegado error en la notificación (que alegan los recurrentes) no tuvo el efecto de impedir que se procurasen los remedios antes expuestos. Al brindársele esta oportunidad, no se violó el debido proceso de ley de ninguna de las partes recurrentes.
Como un cuarto error, la señora García Barroso señala que la ARPE abusó de su discreción al no celebrar vistas públicas sobre el anteproyecto presentado. Conforme a lo discutido anteriormente, la celebración de una vista en este caso es de carácter discrecional. Así lo establecen tanto la LPAU, como el Reglamento de Zonificación Especial del Condado, supra. Aplicando lo discutido, no se sostienen las alegaciones de la recurrente en cuanto a que la falta de una vista pública violara su debido proceso de ley. Repetimos que en este caso, ni la *1151 ley ni los reglamentos hacen obligatoria la celebración de una vista pública. La recurrente no nos ilustra en cuanto a en qué consiste el abuso de discreción imputado. Si se tiene la discreción de celebrar o no celebrar vista pública, el no celebrarla no constituye un abuso de discreción. Se trata más bien de un ejercicio de discreción.
A tenor con todo lo anteriormente discutido, este Tribunal entiende que los errores señalados por los recurrentes no se han cometido. En ausencia de arbitrariedad, parcialidad o craso error, no vamos a intervenir en las interpretaciones administrativas que estén dentro del expertise de la agencia. Este Tribunal le dará deferencia a las decisiones administrativas reconociendo que las mismas gozan de una presunción de corrección, ya que son éstas las que poseen la pericia para atender los asuntos bajo su jurisdicción.
Por esta razón, confirmamos la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones