Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| JACKELINE DEL TORO CORDERO<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE PONCE<br><br>Recurridos | KLRA202400544 | ***Revisión Administrativa***<br>Procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.: 2024-05-0152<br><br>Sobre:<br><br>RETENCIÓN |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece ante nosotros la Sra. Jackeline del Toro Cordero (en lo sucesivo, la recurrente o Sra. Del Toro Cordero) solicitando la revisión de la *Resolución* emitida y notificada el 3 de septiembre de 2024 por la Comisión Apelativa del Servicio Público (en lo sucesivo, "CASP"), mediante la cual se desestimó su solicitud de apelación por haberse presentado fuera del término legal establecido para la radicación de dicho recurso.

Por los fundamentos que expondremos, resolvemos revocar la *Resolución* recurrida. Se devuelve el caso a la CASP para la continuación de los procedimientos conforme a lo aquí resuelto.

### I.

De la copia certificada del expediente administrativo del Caso Núm. 2024-05-0152 de la CASP, surge que, el 29 de noviembre de 2023, la Sra. Del Toro Cordero, Oficial Ejecutivo del Departamento de Cultura Municipal, fue notificada por el Municipio Autónomo de Ponce, por conducto de su Alcaldesa Interina, Sra. Marlese Sifre,

mediante una carta fechada el 2 de noviembre de 2023, sobre la intención de aplicarle una medida disciplinaria debido a una supuesta agresión física hacia su compañera de trabajo Maribel Irazagua López durante horas laborables en el Museo de Historia de Ponce, lo cual constituía una violación de varias normas del *Manual de Conducta y Procedimientos Disciplinarios para los Empleados y/o Funcionarios del Municipio Autónomo de Ponce*, aprobado el 18 de enero de 2006. Como resultado, se le informó que podría ser suspendida de empleo y sueldo por un término de treinta (30) días. Se le apercibió de su derecho a presentar su versión de los hechos mediante un escrito o una vista administrativa informal ante el Director de la Oficina de Recursos Humanos del Municipio.

En desacuerdo, el 11 de diciembre de 2023, la Sra. Del Toro Cordero, por conducto de su abogado, solicitó la celebración de una vista administrativa informal. Dicha vista se celebró 23 de enero de 2024.

El 2 de abril de 2024, la Sra. Del Toro Cordero fue notificada, mediante una carta fechada el 13 de marzo de 2023, sobre la determinación del Municipio de Ponce de aplicarle una amonestación escrita, la cual formaría parte de su expediente de personal.

El 30 de abril de 2024, la Sra. Del Toro Cordero presentó, por medio de correo electrónico, la *Solicitud de Apelación* que nos ocupa ante la CASP impugnando la determinación del Municipio de Ponce.[1] Ese mismo día, la Sra. Del Toro Cordero también notificó al Municipio de Ponce y envió dicha solicitud de apelación a la CASP por medio de correo certificado con acuse de recibo.[2]

El 3 de septiembre de 2024, la CASP emitió y notificó la *Resolución* recurrida, mediante la cual resolvió desestimar la

---

[1] *Id.*, Anejo III, pág. 9.
[2] *Id.*, Anejo IV, págs. 10-11.

*Solicitud de Apelación* presentada por la Sra. Del Toro Cordero por entender que se había presentado fuera del término jurisdiccional de treinta (30) días contados a partir de la notificación de la decisión objeto de apelación.[3] En su dictamen, la CASP concluyó lo siguiente:

> "[A]l examinar el expediente del caso de epígrafe surge claramente que la APELANTE fue notificada de la acción aquí impugnada el 2 de abril de 2024. Es decir, la APELANTE tenía hasta el 2 de mayo de 2024, para radicar el recurso de apelación que nos ocupa en la Secretaria de esta Comisión. A pesar de ello, la apelación de epígrafe fue radicada el 6 de mayo de 2024.
>
> Si bien es cierto que la parte apelante, adelantó su Solicitud de Apelación mediante correo electrónico, el 30 de abril de 2024, no es menos cierto que conforme a la Sección 2.1 (c) del Reglamento Procesal 7313, se dispone que todo documento radicado por correo electrónico debe presentarse en original en los próximos tres (3) días laborables.
>
> [...]
>
> Consecuentemente, para que la Solicitud de Apelación radicada por correo electrónico se tuviera por radicada dentro del término jurisdiccional, la parte apelante debió presentarla en un máximo de tres (3) días laborables improrrogables desde el 30 de abril de 2024, es decir hasta el viernes, 3 de mayo de 2024. Según, indicado anteriormente, la APELANTE presentó su Solicitud de Apelación el 6 de mayo de 2024.
>
> Debido a que la Solicitud de Apelación original fue presentada fuera de los tres (3) días posteriores a la radicación electrónica, la presentación no se retrotrae a la referida fecha, sino que se entiende por radicada el 6 de mayo de 2024."

En desacuerdo con lo resuelto por la CASP, la Sra. Del Toro Cordero recurrió ante nosotros mediante el presente recurso de revisión. En su escrito, esta señala la comisión por la CASP del error siguiente:

> "[L]a CASP ERRÓ en desestimar el caso ante su consideración por entender que se había presentado Soli[ci]tud de Apelación fuera del término jurisdiccional de (30) treinta días."

El 4 de octubre de 2024, emitimos *Resolución* concediéndole al Municipio de Ponce un término para expresarse respecto al

---

[3] *Id.*, Anejo I, págs. 1-6.

recurso presentado por la recurrente. Además, se le concedió a la CASP un término para presentar copia certificada del expediente administrativo del Caso Núm. 2024-05-0152.

El 21 de octubre de 2024, la CASP presentó la copia certificada del expediente administrativo. El Municipio de Ponce no compareció. Por tanto, procedemos a resolver.

## II

## A.

El Plan de Reorganización Núm. 2 de 26 de Julio de 2010, según enmendado, *"Plan de Reorganización de la Comisión Apelativa del Servicio Público"*, 3A LPRA Ap. XIII *et seq.*, se aprobó con el propósito principal de crear la Comisión Apelativa del Servicio Público ("CASP") y de establecer sus poderes, deberes, facultades, responsabilidades, funciones administrativas, y jurisdicción. En cuanto a la creación de dicha agencia, el Artículo 4 del Plan de Reorganización Núm. 2, *supra*, establece lo siguiente:

> "Se crea la Comisión Apelativa del Servicio Público como un organismo cuasi-judicial en la Rama Ejecutiva, especializado en asuntos obrero-patronales y del principio de mérito en el que se atenderán casos laborales, de administración de recursos humanos y de querellas, tanto para los empleados que negocian al amparo de la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", como para los empleados públicos cubiertos por la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, conocida como la "Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico".

En cuanto a la jurisdicción apelativa de la CASP, el Artículo 12 del Plan de Reorganización Núm. 2, *supra*, establece lo siguiente:

> "La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación:
>
> a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio

Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 107-2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;

c) cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone la Ley Núm. 110 de 26 de junio de 1958, según enmendada, conocida como "Ley de Empleados Irregulares";

d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, en las áreas esenciales al principio de mérito;

e) la Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada;

f) la Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento;

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos."

El Reglamento Núm. 7313,[4] Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos en el Servicio Público, Departamento de Estado, 7 de marzo de 2007, en su Artículo I, Sección 1.2, concede a la parte

---

[4] Aprobado el 7 de marzo de 2007 y vigente mediante la Orden Administrativa Núm. OA-CASP-02-2010, aprobada el 24 de noviembre de 2010.

interesada en radicar una solicitud de apelación, un "término jurisdiccional de treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de la apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios."

En cuanto a la fecha de radicación de documentos personalmente, por correo ordinario o correo certificado, el Artículo II, Sección 2.1(b) del Reglamento Núm. 7313, *supra*, establece que, "[p]ara determinar la fecha de radicación del escrito de solicitud de apelación y cualquier otro escrito, se atenderá única y exclusivamente la fecha en la que el escrito de apelación es sellado en la Secretaría de la Comisión durante horas laborables."

Por otra parte, en cuanto a la fecha de radicación de documentos por facsímile, correo electrónico u otro medio electrónico, el Artículo II, Sección 2.1(c) del Reglamento Núm. 7313, *supra*, establece lo siguiente:

> "Todo documento radicado por facsímile, correo electrónico u otro medio electrónico se tendrá por radicado a la fecha en que el mismo sea sellado en la Secretaría de la Comisión durante horas laborables independientemente de la fecha de envío por la parte promovente. Todo documento presentado por facsímile, correo electrónico u otro medio electrónico, tendrá que radicarse en original por correo o presentación personal dentro de un término de (3) días laborables improrrogables desde la presentación del mismo sin necesidad de orden a tales efectos, firmado en original por la parte o su representante legal, en cuyo caso la presentación del mismo se retrotraerá a la fecha de recibo en la Secretaría; de no presentarse dentro del término establecido en original debidamente firmado, se tendrá por no radicado hasta que el mismo sea recibido en la Secretaría en original. El original del documento no será necesario radicarse cuando el sistema electrónico de radicación de documentos provea firma digital, y produzca evidencia de recibo."

**B.**

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia.

*Metro Senior v. AFV*, 209 DPR 203 (2022); *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228 (2014).

Los términos para presentar apelaciones ante CASP, específicamente, son términos jurisdiccionales, lo que quiere decir que los mismos no están sujetos a prórroga. *González v. Jiménez*, 70 DPR 165 (1949); *Concepción v. Junta de Contabilidad*, 80 DPR 194 (1958); *Pueblo v. Ortiz Couvertier*, 132 DPR 883 (1993). Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del foro apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así

declararlo. Ni los tribunales ni las agencias tienen discreción para asumir jurisdicción donde no la hay. *Maldonado v. Pichardo*, 104 DPR 778 (1976); *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345 (2003).

**III.**

En su recurso de *Revisión,* la Sra. Del Toro Cordero señala que la CASP cometió un error al desestimar su *Solicitud de Apelación* por falta de jurisdicción por entender que se había presentado fuera de término. Según expusimos, el Artículo I, Sección 1.2 del Reglamento 7313, *supra,* establece que la parte interesada en radicar una solicitud de apelación tendrá un "término jurisdiccional de treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de la apelación". A su vez, el Artículo II, Sección 2.1(b) del Reglamento Núm. 7313, *supra,* establece que, "[p]ara determinar la fecha de radicación del escrito de solicitud de apelación y cualquier otro escrito, se atenderá única y exclusivamente la fecha en la que el escrito de apelación es sellado en la Secretaría de la Comisión durante horas laborables." Cuando la solicitud de apelación o cualquier otro documento sea presentado ante la CASP "por facsímile, correo electrónico u otro medio electrónico", el Artículo II, Sección 2.1(c) del Reglamento 7313, *supra,* establece que también se deberá llevar a cabo lo siguiente:

> "Todo documento presentado por facsímile, correo electrónico u otro medio electrónico, tendrá que radicarse en original por correo o presentación personal dentro de un término de (3) días laborables improrrogables desde la presentación del mismo sin necesidad de orden a tales efectos, firmado en original por la parte o su representante legal, en cuyo caso la presentación del mismo se retrotraerá a la fecha de recibo en la Secretaría; de no presentarse dentro del término establecido en original debidamente firmado, se tendrá por no radicado hasta que el mismo sea recibido en la Secretaría en original. El original del documento no será necesario radicarse cuando el sistema electrónico de radicación de documentos provea firma digital, y produzca evidencia de recibo."

En el presente caso, la decisión objeto de la apelación fue notificada el 2 de abril de 2024, por lo que el término de (30) treinta días establecido en el Artículo I, Sección 1.2 del Reglamento 7313, *supra*, para la presentación de una solicitud de apelación ante la CASP, vencía el 2 de mayo de 2024.

La Sra. Del Toro Cordero presentó su *Solicitud de Apelación* ante la CASP el 30 de abril de 2024 mediante correo electrónico, y ese mismo día notificó al Municipio de Ponce y envió el original de los documentos a la CASP por correo postal con acuse de recibo. Según el sistema USPS Tracking,[5] estos documentos estuvieron disponibles para ser recogidos por la CASP el 3 de mayo de 2024 a las 10:00 a.m.  Este hecho demuestra que la parte recurrente cumplió con los términos reglamentarios. En consecuencia, consideramos que la CASP tenía jurisdicción para atender su solicitud de apelación.

Resulta irrazonable que, para determinar la fecha de radicación de una solicitud de apelación, se tome en cuenta "única y exclusivamente" la fecha en que el documento es sellado en la Secretaría de la CASP. Véase, Artículo II, Sección 2.1(b) del Reglamento 7313, *supra*. Este criterio rígido ignora circunstancias, como las del presente caso, donde la solicitud, aunque enviada y procesada dentro del término reglamentario, queda fuera de consideración debido a formalismos que no reflejan la realidad de la gestión efectiva del apelante. Un enfoque justo debería considerar tanto la recepción efectiva de los documentos dentro del plazo reglamentario como los esfuerzos de la parte para cumplir con las exigencias legales.

Además, como vimos, el Artículo II, Sección 2.1(c) del Reglamento 7313, *supra*, también establece que "[e]l original del

---

[5] *Id.*, Anejo V, pág. 12.

documento no será necesario radicarse cuando el sistema electrónico de radicación de documentos provea firma digital, y produzca evidencia de recibo." Artículo II, Sección 2.1(c) del Reglamento 7313, *supra*. Esto refuerza que el objetivo es garantizar la recepción de los documentos dentro del término, no imponer formalismos innecesarios.

En este caso, dado que la Sra. Del Toro Cordero presentó inicialmente su solicitud de apelación a través de correo electrónico con firma digital, y considerando que este sistema genera constancia del envío y recepción, resultaba excesivo exigir la radicación física del original.

De hecho, el envío y disponibilidad de los documentos originales dentro del término reglamentario debe ser suficiente para considerar la apelación válida, ya que se ha cumplido con el objetivo sustantivo de la normal: garantizar que la información llegue a la agencia en el término previsto.

Por lo tanto, insistir en que el sello de la Secretaría de la CASP sea el único criterio para la radicación, sin reconocer la validez del sistema electrónico o la presentación oportuna por otros medios, resulta irrazonable y contradice el espíritu de las disposiciones que buscan facilitar los procesos administrativos.

**IV.**

Por los fundamentos expuestos, resolvemos revocar la *Resolución* recurrida. Se devuelve el caso a la CASP para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones